MATHEW FLAVIN ET AL., RESPONDENTS, *v.* CLEMENT S. MATTINGLY ET AL., APPELLANTS.

MINES AND MINERAL LANDS—*Description in location—Practice—Issue for a jury —Natural object defined.*—An application for a patent to a quartz lode had been filed by the defendants in the United States land office. The plaintiffs filed an adverse claim to the said lode, and brought suit in the District Court to determine the conflicting claims. Upon the trial, the plaintiffs offered in evidence their notice of location and statement of discovery of the claim as located and recorded by them, to which the defendants objected, on the ground that the description therein did not identify the claim with reference to a natural object or permanent monument. The description in that particular was as follows: "'The mining claim hereby located is situated in Summit Valley Mining District, Silver Bow County, Montana Territory, and is situated on the northerly side and about one fourth of a mile from Park Canyon." *Held,* that said description was in compliance with section 2324 of the United States Revised Statutes;

that the question of its sufficiency was properly left to the jury; and that the practice (as laid down in *Russell* v. *Chumasero*, 4 Mont. 309; *Garfield M. & M. Co.* v. *Hammer*, 6 Mont. 53; and *Upton* v. *Larkin*, 7 Mont. 449) of admitting in evidence a notice of location, in order that it may be decided as an issue of fact, whether the claim described therein has been sufficiently located with reference to a natural object or permanent monument, is too well established in Montana to admit of being questioned. *Held*, that a natural object is any prominent feature in the landscape, and that a canyon is as much such an object as a river, a mountain, or a plain; but that parol evidence must often decide whether such an object is a proper one to refer a mining location to for identification; that the purpose of section 2324 of the United States Revised Statutes, in requiring such a location to be made with reference to some natural object or permanent monument, is not very apparent, unless it is mainly to direct attention in a general way, to the vicinity or locality in which the claim is to be found; and that inasmuch as said section does not define what amount of accuracy is necessary in such identification, the court is not inclined to construe it strictly where a *bona fide* effort has been made to comply with the law.

SAME—*Instructions.*—The lower court had properly admitted a notice of location of a mining claim in evidence, and refused certain instructions declaring that the said notice was void. *Held*, there was no error in refusing the instructions.

*Appeal from the District Court, Silver Bow County.*

### STATEMENT.

An action brought in the District Court under section 2326, United States Revised Statutes, to decide a controversy arising in the United States land office, upon application by the defendants for patents to two mining claims with which a location of another mining claim owned by the plaintiffs was in conflict. From a judgment in favor of the plaintiffs the defendants appealed.

*W. W. Dixon*, for Appellants.

The exceptions of appellants relate to the same point, to wit, that the record of respondents' mining claim does not contain any such description of the claim, located by reference to some natural object or permanent monument, as will identify it. It does not even state that the claim is situated in Park Canyon. It says "about one-fourth mile from Park Canyon," which properly would be outside of the canyon. It says "on the *northerly* side." Does that mean the *northerly* side of the canyon, or what does it mean? Park Canyon, by itself, cannot reasonably be considered as such an object or monument as will identify a claim, any more than a mountain, or a prairie, or a town. The record should have been excluded. (*Faxon* v.

*Barnard,* 2 McCrary, 44; *Drummond* v. *Long,* 9 Colo. 538, and authorities there cited; *Gilpin Co. M. Co.* v. *Drake,* 8 Colo. 590; *Craig* v. *Thompson,* 10 Colo. 517; *Fuller* v. *Harris,* 29 Fed. Rep. 814.)

*W. I. Lippincott,* and *William Scallon,* for Respondents.

Whatever may be the decisions in other jurisdictions (especially in Colorado), it is conclusively settled in Montana, in *Russell* v. *Chumasero,* 4 Mont. 309; *Garfield Mining Co.* v. *Hammer,* 6 Mont. 53; *Upton* v. *Larkin,* 7 Mont. 449, that a description such as the one in this case is sufficient upon its face, and that whether or not such a description would identify the claim *is a question of fact for the jury.* No request for findings was made by the appellants, and no exceptions taken for the want of findings; none were therefore required. (Code Civ. Proc. § 280, p. 130.) We have still the system of implied findings, and all necessary findings will be presumed. (Hayne on New Trial, § 239, p. 716.) Finally, we submit, that an action in pursuance of an adverse claim is a special statutory action, and not controlled as to its form by special Code provisions concerning actions in ejectment, or to quiet title, and that the verdict or findings of the jury when consistent and in proper form are conclusive. (*Burke* v. *McDonald.* [Idaho], Feb. 28, 1887; *Becker* v. *Pugh,* 9 Colo. 589; *Steel* v. *Gold Lead M. Co.* 18 Nev. 87; *McGinnis* v. *Egbert,* 8 Colo. 41; *Lee Doon* v. *Tesh,* 68 Cal. 43; Act of Congress of March 3, 1888.)

LIDDELL, J.—The plaintiffs aver ownership and possession since the eight day of April, 1881, of a certain quartz lode mining claim, situated in Silver Bow County, and known as the "Special Delight"; while the defendants allege ownership and possession of two quartz lode mining claims, known as the "St. Louis" and the "Great Republic," situated in the same county and mining district. The claims of the litigants conflict with each other; and upon the application of the defendants to the land office for patents, the plaintiffs filed their adverse claim, and instituted the present suit, under section 2326, United States Revised Statutes, to be decreed the possession of the ground in dispute. The cause was tried before a jury, who found for the

plaintiffs, and judgment was rendered accordingly. From this judgment the defendants appeal, and by bill of exceptions present two questions for our consideration.

During the progress of the trial the plaintiffs offered to introduce in evidence the original notice of the location and statement of discovery of the Special Delight Quartz Lode Mining Claim, which had been duly recorded in the recorder's office of Silver Bow County; to the reception of which the defendants objected, for the reason that the notice and record thereof do not contain such a description of the claim located by reference to any natural object or permanent monument as will identify the claim, in compliance with the laws of the United States and the Territory. The objection being overruled, the defendants reserved their bill of exceptions; and afterwards, when the plaintiffs offered the notice in evidence, as it appeared of record in the books of the recorder's office, they made a similar objection, and upon a like ruling they reserved another bill of exceptions. The similarity in every respect of the two exceptions will render it unnecessary to pass upon them separately, and we will dispose of both at the same time. The declaratory statement of discovery and notice of location is minute and particular in all respects, except as to the part complained of, and which reads as follows: "The mining claim hereby located is situated in Summit Valley Mining District, Silver Bow County, Montana Territory, and is situated on the northerly side, about one fourth of a mile from Park Canyon." The objection evidently went to the effect, instead of the admissibility, of the evidence. If there was no description contained in the notice, or attempt to describe the locality or vicinity of the mining claim by reference to some natural object or permanent monument, it might have been excluded by the court. But where the description contained in the notice is merely defective, it should be left to the jury with the other evidence in the case. We fail to see wherein the description of the claim falls short of the requirements of the act of Congress. The notice informs us that the claim is situated in Silver Bow County; that it is in what is known as the "Summit Valley Mining District"; that it is in Park Canyon, and on the north side of the canyon; and, finally, that it is about a quarter of a mile from the canyon. The

notice then goes on to state that the exterior boundaries of the claim are marked by substantial posts or monuments of stone at each corner of the claim; that a copy of this notice is posted on a post at the discovery shaft; and from that, as a starting point, it minutely describes the distances and courses of the boundaries of the claim. Now, a natural object is any prominent feature in the landscape; and certainly a canyon is as much a natural object in the landscape as the mountains which lie on either side of it, or a river or a plain. Whether or not a reference to it will be sufficient must often depend on parol evidence; for its length may render a reference to it indefinite, while it might possibly be shorter than the length of a mining claim. The object of the law in requiring the location to be made with reference to some natural object or permanent monument is not very apparent, unless it was for the main purpose of directing attention, in a general way, to the vicinity or locality in which the location was to be found; for the boundaries, distances, and courses are to be particularly marked and permanently fixed in such a way as to give notice that the land has been claimed. How much accuracy is required in this reference to natural objects and permanent monuments is not set forth in the statute, and we are not inclined to hold that there must be a strict compliance with the act, where there is a *bona fide* effort made to comply with the laws, as in this case. The sufficiency of the location, by reference to natural objects or permanent monuments, should be left to the jury. In *Russell* v. *Chumasero*, 4 Mont. 309, Chief Justice Wade uses the following expressions: "But it is not for the court to say, by merely looking at a record or declaratory statement, what are or what are not permanent objects or monuments. That is for the jury. A stake or stone of proper size, and properly marked, may be a permanent monument. A declaratory statement or record thereof, with reference to permanent stakes or monuments which did not exist as a fact, would not be good; while a defective description in the record or declaratory statement might be cured if the stakes or monuments on the ground identified the claim." This view of the matter was affirmed in *Garfield Mining Co.* v. *Hammer*, 6 Mont. 53, where Justice Galbraith, as the organ of the court, says: "Besides, we have already said, in substance, that we

cannot, by merely looking at the notice itself, say, without evidence to the contrary, that the claim is not properly identified." To the same effect is the case of *Upton* v. *Larkin*, decided by JUSTICE BACH at the January term of this court, and reported in 7 Mont. 449. (See, also, authorities there cited upon that point.) As a matter of practice in this Territory, the question is no longer an open one; and, after again considering the point, we see no reason for disturbing the jurisprudence thereon.

The defendants reserved a bill of exceptions to the refusal of the court to instruct the jury that the laws of the United States require the record of location to contain such a description of the claim located, with reference to some natural object or permanent monument, as will identify the claim, and that the plaintiffs' location, not containing such a description, was therefore void. The instructions were properly refused, as they were directly in the line of the objection to the introduction in evidence of the notice of location and declaratory statement of discovery. Obviously, if it was correct, as we have held, for the court to admit the evidence, it would be wrong to instruct the jury not to consider it. In conclusion, we may say that the rule of practice, admitting in evidence a defective notice of location and declaratory statement, is now so well established by the decisions of this court that, even if we were inclined to hold otherwise, it would be wrong to do so. We are aware of a line of decisions, from other jurisdictions, conflicting with our view of the law; but the reason for the rule, as laid down in the Montana cases, is more satisfactory, and in accord with our views of the statute. We see no error in the rulings of the lower court, and the judgment is therefore affirmed, at cost of appellants.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.