[No. 1383.]

## PATRICK BRADY AND JAMES BRADY, APPELLANTS, v. JOHN HUSBY, RESPONDENT.

EJECTMENT—PLEADING EQUITABLE DEFENSE.—A party that relies upon an equitable defense to an action of ejectment must set up in his answer the facts constituting the same or it will not be considered.

MINING LAW—NOTICE OF LOCATION AND RECORD.—It is the record of a mining claim, and not the notice of location, that must contain such reference to a natural object or permanent monument as will identify the claim, and only then when the local laws require a record to be made.

IDEM—IDENTIFYING CLAIM.—Where the record of a mining claim contains such reference to a natural object or permanent monument as might under any circumstances identify the claim, the record is admissible in evidence, and it becomes a question of fact as to whether such reference is sufficient.

IDEM—PRESUMPTION IN ABSENCE OF EVIDENCE.—In the absence of all evidence upon the point it will be presumed that the reference is sufficient for identification.

(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada, Eureka county.

*A. L. Fitzgerald,* District Judge.

The facts fully appear in the following statement by the justice delivering the opinion.

Action in ejectment to recover possession of the Eagle Pass mine, situated in Cortez mining district, Eureka county, Nev. The plaintiff located the claim August 5, 1885, by plainly marking the boundaries, and placing thereon the following notice of location: "Notice. I, the undersigned have this day located this vein, ledge or claim on the Cortez mountain. I claim seven hundred and fifty feet northeasterly and seven hundred and fifty feet in a southwesterly direction, and also four hundred feet on the southeast side and two hundred feet on the northwest side of each side of the claim. This mine to be known as the Eagle Pass mine. Cortez mining district, August 10, 1885, Pat. Brady, locator."

This notice was recorded in the records of Eureka county on August 21st, and in the district records on August 24th of that year, which was the only record made of the claim.

There was evidence tending to show that by agreement of the

parties the defendant was to be half owner in the location, and that it was located in the plaintiff's name alone, because the defendant was then an alien and unable to locate mining claims.

On March 2, 1890, the defendant having become a citizen, located the same ground under the name of the Ontario mine, and thereafter ejected the plaintiff from the claim.

*F. M. Huffaker*, for Appellants.

I. The court erred in excluding appellant's notice of location because it did not refer to any natural object. Such objection can only be made to the introduction in evidence of the record of the notice and not to the notice itself. (*Golden Fleece Mining Co.* v. *Cable Con. Mining Co.*, 12 Nev. 323.) The fact of a location can be proved by any competent evidence. (*Campbell* v. *Rankin*, 99 U. S. 261.)

II. There were no local mining rules providing for any forfeiture by reason of any defective notice or record, and none can be declared of a location actually marked on the ground and continuously held and worked in good faith. To constitute a forfeiture of a mining claim because of failure to comply with local mining regulations, such regulations must expressly declare forfeiture to be the effect of non-compliance. (*McGarrity* v. *Byington*, 12 Cal. 426; *Bell* v. *Bed Bock Co.*, 36 Cal. 214; *Donoghue* v. *Meister*, 88 Cal. 130.)

*R. M. Beatty*, for Respondent.

I. If such a right to a mining claim as one resting on possession only can exist, then appellants cannot maintain this action because they held possession as joint tenants with respondent, and the possession of one was the possession of all.

II. The local rules required a record of locations. In this case the notice and record are identical. The notice was recorded and it constitutes the only record of appellant's claim. Neither the notice nor the record refer to any natural object or permanent monument, as at least the record must do, and for such reason appellant's location is void. (9 Mor. Mg. Repts. 515.)

By the Court, BIGELOW, J. (after stating the facts as above):

In view of the state of the pleadings in this case it is unnec-

essary to pass upon the question of cotenancy, argued by counsel. If the plaintiff's location of the Eagle Pass mine was valid, he became the owner of the legal title to the whole claim. If the defendant is the equitable owner of one-half of that location, and for that reason entitled to retain possession thereof, this would constitute an equitable defense to the action to that extent, but he should have set up in his answer the facts showing that such is the case. Not having done so, the action must be tried and determined upon the issues made by the pleadings, which simply involve the validity of the conflicting locations. (Pom. Rem. Rights, Secs. 95, 679, 706; *Arguello* v. *Bours,* 67 Cal. 447; *Bruck* v. *Tucker,* 42 Cal. 346.)

As this court has frequently decided, it is the record of the mining claim, and not the notice of location, that must contain such reference to some natural object or permanent monument as will identify the claim, and only then when the local laws require a record to be made. (*Poujade* v. *Ryan,* 21 Nev. 449; *Southern Cross G. & S. Min. Co.* v. *Europa Min. Co.,* 15 Nev. 383.) It was therefore error to strike out the plaintiff's notice of location because it did not contain such reference. At the time this ruling was made the court had no judicial knowledge of the existence of any local laws in the mining district, providing either for the form of a notice of location or for any record of the claim. The plaintiff had testified to posting the notice upon the claim as a part of the act of location. As such it was admissible in evidence, as we know of no general law requiring such notice to be in any particular form. Subsequently, however, the defendant offered the recorded notice in evidence, as stated, " for the sole purpose of showing that the said notice does not comply with any law or custom," but thereafter the court seems to have treated it as being in evidence for all purposes, as the sufficiency of the notice and record was passed upon in the findings. Under these circumstances it seems doubtful, at least, whether the original error of striking out the notice was not cured, and we shall consider the case as though it was.

With the exception of the notice of location, or the record of the claim, or perhaps both, there was no contention that the plaintiff's location of the Eagle Pass mine was not strictly in accordance with the law, nor that the annual assessment work had not been duly performed. So, to dispose of the appeal we

need only consider the sufficiency of that notice and record.

The defendant introduced in evidence a few sections of the local mining laws of the district, of which one required the notice of location to state certain things, but the notice here seems to have complied with those requirements, and as the defendant does not contend that it did not, we pass it by.

The court found that the local mining laws required the notice of location to be recorded, or at least filed for record, in the records of the district within thirty days after the discovery of a claim, in order to be respected. This finding the appellant claims to be contrary to the evidence, but without deciding the point we shall assume the finding to be correct, for the reason that the evidence is not sufficiently before us to enable us to determine the question satisfactorily. The finding is in accordance with the first rule adopted by the miners in 1863, and which does not appear to have been expressly repealed, nor, so far as the rules subsequently adopted are before us, does it seem to have been repealed by reason of necessary conflict with them. At the same time, with all the laws before us, it might clearly appear that it had been repealed, or at least dropped out of the code of laws in force in the district. For instance, if at a subsequent meeting the miners had adopted an entire new code or set of laws, it might appear therefrom that they intended to repeal or drop all previously in existence, and be governed alone by those then adopted, which would annul the former as effectually as would an express repeal. This principle has been frequently applied where a legislative body has made a complete revision of all the laws upon a given subject; under such circumstances it is reasonable to presume that they intended to repeal all those not re-enacted, although no words were used to that effect. Other reasons might exist for concluding that the rule in question had become obsolete. It is a question of intention, to be determined by a consideration of all the laws, regulations and customs subseqently adopted or in force in the district. (*Thorpe* v. *Schooling*, 7 Nev. 15; *Tracy* v. *Tuffly*, 134 U. S. 206; Suth. St. Const. Sec. 154.)

Assuming, then, that the local laws of the district required a record of the claim, and provided for a forfeiture of it if not made, we are of the opinion that the record of the Eagle Pass mine is, upon its face, and as a matter of law, sufficient, and that the court erred in holding that it was not. The record

makes one reference to what must be presumed to be a natural object—the Cortez mountain—and such a reference as might under some circumstances be sufficient to identify the claim. For instance, if the mountain was so small that there could be but one claim upon it, the reference would seem to be perfect, or if it was the only claim there, it would also seem to be sufficient to identify it.　It is hardly necessary to say that we cannot take judicial notice of what the Cortez mountain is, or of its shape, size or extent.

A brief examination of the decisions will show that the courts have usually construed the statute requiring this record with a good deal of liberality.　In determining the sufficiency of such a reference, it must also be remembered that " the purpose of the notice is to direct the inquirer to the place where the claim is located, and not to show its precise boundaries as marked upon the ground.　It must contain enough, taken with these boundaries, to enable a person of reasonable intelligence to find the claim and trace its boundaries." (*Gamer* v. *Glenn*, 8 Mont. 371, 378.)

In *Flavin* v. *Matingly*, 8 Mont. 242, the same court held the following reference to be sufficient: " The mining claim hereby located is situated in Summit valley mining district, Silver Bow county, Montana territory, and is situated on the northerly side, about one-fourth of a mile from Park Canyon." It was there said: " The objection evidently went to the effect, instead of the admissibility of the evidence.　If there was no description contained in the notice, or attempt to describe the locality or vicinity of the mining claim by reference to some natural object or permanent monument, it might have been excluded by the court.　But where the description contained in the notice is merely defective, it should be left to the jury with the other evidence in the case.　*　*　*　Now, a natural object is any prominent feature of the landscape; and certainly a canyon is as much a natural object in the landscape as the mountains which lie on either side of it, or a river or a plain.　Whether or not a reference to it will be sufficient must often depend on parol evidence; for its length may render a reference to it indefinite, while it might possibly be shorter than a mining claim.　The object of the law in requiring the location to be made with reference to some natural object or permanent monument is not very apparent, unless it was for the main purpose

·of directing attention, in a general way, to the vicinity or locality in which the location was to be found; for the boundaries, distances and courses are to be particularly marked and permanently fixed in such a way as to give notice that the land has been claimed. How much accuracy is acquired in this reference to natural objects and permanent monuments is not set forth in the statute, and we are not inclined to hold that there must be a strict compliance with the act, where there is a bona fide effort made to comply with the laws as in this case."

In *Hammer* v. *Mining Co.*, 130 U. S. 291, 299, Justice Field, in delivering the opinion of the court used this language: "A reference to some natural object or permanent monument is named for this purpose. Of course the section means when such reference can be made. Mining lode claims are frequently found where there are no permanent monuments or natural objects other than rocks or neighboring hills. Stakes driven into the ground are in such cases the most certain means of identification."

In *O'Donnell* v. *Glenn*, 8 Mont. 248, it was accordingly held that a reference to a stake at one corner of the claim was a sufficient compliance with the law, and whether sufficient to identify the claim was a question for the jury. (See also, *North Noonday Min. Co.* v. *Orient Min. Co.*, 6 Sawy. 299; *Metcalf* v. *Prescott*, 10 Mont. 292; *Campbell* v. *Rankin*, 99 U. S. 261.) No evidence was offered for or against the sufficiency of the reference in the notice, and in its absence the court should have presumed that it was sufficient to identify the claim. (*Gleeson* v. *Mining Co.*, 13 Nev. 442; *Hammer* v. *Mining Co.*, 130 U. S. 291.)

The evidence shows that in the case at bar the boundaries were clearly marked, and a large amount of work had been done upon the claim before the defendant made his location. The defendant had written the notice for the plaintiff, which he now claims to be insufficient, had assisted in marking the boundaries, and had helped perform some of the work of development. He knew all about the location, and was in no wise deceived or misled by the defective record. His only claim of right to relocate the ground is based upon this technical failure of the notice and record to comply with the law. Under such circumstances, while to the extent that the statute is imperative it must be complied with, justice requires that the record shall be construed as liberally as the law will reasonably permit.

The judgment and order appealed from are reversed.