[No. 11990.   Department One. — June 30, 1887.]

J. S. DOE, APPELLANT, v. BENJAMIN TYLER ET AL., RESPONDENTS.

MINING CLAIM — LOCATION — BOUNDARIES — ERECTION OF MONUMENTS ON ADJOINING CLAIMS. — The location of a mining claim, if otherwise sufficient, is not rendered invalid by reason of the fact that certain of the monuments erected to mark its boundaries were by mistake placed upon adjoining claims. In such a case, the location is good in so far as the land included within the boundaries was vacant and subject to location.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion.

*C. J. Perkins*, and *H. C. Rolfe*, for Appellant.

*Harris & Allen*, and *Paris & Goodcell*, for Respondents.

BELCHER, C. C.—The contest in this case is about a piece of mining ground in San Bernardino County. The plaintiff claims the ground under a mining location made by W. C. Stoughton on the twenty-fourth day of June, 1885, and the defendants claim it under a location made by the defendant Foster on the eighteenth day of July, 1885.

The ground in question appears to have been a piece of vacant ground lying between other claims, having a width at its northerly end of about 14 feet, and at its southerly end of about 235 feet, and a length of about 700 feet. It was bounded on the easterly side by a claim known as the Thunderer, on the westerly side by a claim known as the Veto, on the northerly end by two claims known as Occidental No. 1 and No. 2, and on its southerly end by a claim known as the Invincible.

The principal question in the case relates to the validity of Stoughton's location. The court below held the location invalid, because all but one or two of the monu-

ments erected to mark its boundaries were placed over upon the adjoining claims.

Stoughton made his location in the night-time. He was told by one Tucker that the ground was vacant, and advised to locate it. He went out with Tucker and marked off a claim, extending in length from the Invincible to the Occidental, and having a width of about two hundred feet at its north end, and of a little more than that at its south end. He erected a monument at each of its four corners, and at about the center of each of its end lines. He also placed a notice of location at the monument at the center of the south line. The northeast corner monument was over on the Thunderer claim, the northwest one was on the Veto claim, the center one at that end was on one of the Occidental claims, and the southeast and southwest ones may have been slightly over on the Thunderer and the Veto.

It seems to be admitted that the location would have been a good one if all the ground covered by it had been vacant, as then it would have been so marked out that its boundaries could be readily traced. But it is insisted that when Stoughton placed his monuments upon adjoining claims, which were held under valid locations, he was a trespasser, and could acquire no rights by such trespassing; that his acts were void, and he could claim nothing by reason of the monuments so placed; that the parcel of land in controversy was not so marked on the ground that *its* boundaries could be readily traced, and therefore his attempted location was wholly invalid.

If this be so, then it must follow that if the locator of a mining claim should happen, through mistake or otherwise, to place some of the monuments necessary to mark out his boundaries upon another's claim, though they might be over the line only a yard or a rod, still his location must wholly fail.

We do not think this is or ought to be the law. It is familiar history in mining districts that claims have

often been found to overlap one another to a greater or less extent. In such cases the question as to the ground covered by two locations has been, which location was prior in time and superior in right; and it has never been held, so far as we know, that either of them must wholly fail because of the conflict. On the contrary, in so far as the ground taken was vacant, each location, if properly made in other respects, has been considered to be valid and sufficient.

We know of no case where the exact point presented here has been decided. In *Richmond Mining Company* v. *Rose,* 114 U. S. 576, it appeared that 140 feet of the east end of the plaintiffs' location was lost to them by the superior right of the Tip Top claim, and yet, so far as the record shows, it was not even suggested that the balance of the location was affected thereby. If the point made here is good, it would seem that it might have been, and would have been, made there.

In that case the principal objection to the right of the plaintiffs to hold the ground in controversy was, that the claim covered eight hundred lineal feet of the lode, when there were only three locators, and under the act of Congress and the local laws of that mining district, only two hundred feet could be appropriated to each locator. It was claimed, therefore, that the excess of two hundred feet over the six hundred which the three could locate rendered the whole claim void.

But the court said: "We hardly think it needs discussion to decide that the inclusion of a larger number of lineal feet than two hundred renders a location, otherwise valid, totally void. This may occur, and often must occur, by accident of the surveyor, or other innocent mistake, when there exists no intention to claim more than the two hundred feet. Must the whole claim be made void by this mistake, which may injure no one, and was without design to violate the law?

" We can see no reason, in justice or in the nature of

the transaction, why the excess may not be rejected, and the claim be held good for the remainder, unless it interferes with rights previously acquired."

So in *Jupiter Mining Co.* v. *Bodie Con. M. Co.*, 7 Saw. 96, it was ruled that where a location, otherwise valid, exceeds the width allowed by law, it is void as to the excess, but valid as to the balance.

Why should not the law thus declared apply here? We think it does, as "we can see no reason, in justice or in the nature of the transaction," why a different rule should be adopted.

In support of their views, counsel for respondent cite several cases, but in none of them was the question presented here involved. They are chiefly cases where one of the parties was claiming the ground in controversy under a relocation, and insisted upon his right to do so because the first locator had failed to do the necessary work upon his claim, and had thereby forfeited his right to hold it. *Belk* v. *Meagher*, 104 U. S. 279, is the principal case cited, and in that the court, using the language quoted by counsel, said:—

"Mining claims are not open to relocation until the rights of a former locator have come to an end. A relocator seeks to avail himself of mineral in the public lands which another has discovered. This he cannot do until the discoverer has in law abandoned his claim and left the property open for another to take up. The right of location upon the mineral lands of the United States is a privilege granted by Congress, but it can only be exercised within the limits prescribed by the grant. A location can only be made where the law allows it to be done. Any attempt to go beyond that will be of no avail. Hence a relocation on lands actually covered at the time by another valid and subsisting location is void; and this not only against the prior locator, but all the world, because the law allows no such thing to be done."

While this is undoubtedly sound law, it evidently has nothing to do with the matter in hand.

The other points do not require special notice. In our opinion, the judgment and order should be reversed, and the cause remanded for a new trial.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.

Hearing in Bank denied.