WEST GRANITE MOUNTAIN MINING COMPANY, respondent, *v.* GRANITE MOUNTAIN MINING COMPANY, appellant.

MINES. — *Stakes set up on adjoining claims may sufficiently mark mining claims.* — The location of the mine in dispute in this case was marked by stakes set for corners upon four neighboring claims. The surface ground included within the stakes was three hundred feet wide by six hundred feet long. *Held*, that the marking of said claim was sufficient under section 2324, Revised Statutes of the United States. *Hauswirth* v. *Butcher*, 4 Mont. 307, distinguished.

*Appeal from District Court, Silver Bow County.*

ROBINSON & STAPLETON, for the appellant.

It devolved on plaintiff to show a valid location as required by section 2324, United States Revised Statutes, and if the boundaries were marked on ground not subject to location, there can be no marking of the boundaries of the claim on the claim as required by law. And plaintiff, having failed to show a valid location of said Fraction lode, under which it claims, the judgment should be reversed.

Knowles & Forbis, for the respondent.

Whether or not plaintiff's grantors, or plaintiff, in locating the Fraction lode, so marked the boundaries thereof that they can be easily traced, is a question for the jury, and not the court. *Russell* v. *Chumasero,* 4 Mont. 309; *North Noon Day Co.* v. *Orient Co.,* 9 Min. Rep. 540; *Taylor* v. *Middleton,* 67 Cal. 656; *Anderson* v. *Black,* 70 Cal. 226. The fact that the location corners were placed upon other mining claims would not invalidate the location. *Doe* v. *Tyler,* 73 Cal. 21.

McLeary, J.—This action was brought in the district court to determine the right to a small piece of mining ground, which by the plaintiff is called the Fraction, and by the defendant the Harrison, mining claim. There was a jury trial in the court below, and upon the general verdict and the special findings the court rendered judgment in favor of the plaintiff, from which the defendants appeals to this court. The only exception presented in the record and briefs of counsel is to the action of the court in denying the motion of the defendant to strike out all evidence on the part of the plaintiff in regard to the location of the Fraction lode, on the ground that the evidence showed no valid location. The appellant claims that the plaintiff never acquired any right to the Fraction lode claim, because the boundaries of said claim were not marked on the ground contained therein, so that they could be readily traced. The record shows that whatever marking of the boundaries of the Fraction lode claim was done was by stakes set for the corners on adjoining claims, the Rattlesnake, James G. Blaine, Granite Mountain Extension, and the Sunnyside, and not on the claim itself.

The matter is then narrowed down to this: whether or not such a marking of the boundaries as this complies with the act of Congress. Section 2324, Revised

Statutes of the United States, says: "A location must be distinctly marked on the ground, so that its boundaries can be readily traced." All that the statute requires, in our opinion, is, that the land should be so marked upon the ground that the boundaries can be readily traced. This does not mean that the marks shall be upon the actual ground included within the mining claim, but they may be upon any ground adjoining, near enough to readily designate the boundaries. It was certainly never intended that a slight mistake in the setting of stakes should invalidate a location. All that was intended is that a person seeking to make a subsequent location could go upon the ground referred to, and from the marks made find the boundaries of the claim. *Gleeson* v. *Mining Co.*, 13 Nev. 462, 463; *Anderson* v. *Black*, 70 Cal. 230; *Taylor* v. *Middleton*, 67 Cal. 657; *Mining Co.* v. *Mining Co.*, 9 Min. Rep. 538, 539. There was an entirely parallel case decided by the supreme court of California on the 30th of June, 1887. The learned justice delivering the opinion in that case says: "It seems to be admitted that the location would have been a good one if all the ground covered by it had been vacant, as then it would have been so marked out that its boundaries could be readily traced. But it is insisted that when Stoughton placed his monuments upon adjoining claims, which were held under valid locations, he was a trespasser, and could acquire no rights by such trespassing; that his acts were void, and he could claim nothing by reason of the monuments so placed; that the parcel of land in controversy was not so marked on the ground that its boundaries could be readily traced, and therefore his attempted location was wholly invalid. If this be so, then it must follow that if the locator of a mining claim should happen, through mistake or otherwise, to place some of the monuments necessary to mark out his boundaries upon another's claim, though they

might be over the line only a yard or a rod, still his location must wholly fail. We do not think this is or ought to be the law. It is familiar history in mining districts that claims have often been found to overlap one another to a greater or less extent. In such cases, the question as to the ground covered by two locations has been, which location was prior in time and superior in right. And it has never been held, so far as we know, that neither of them must wholly fail because of the conflict. On the contrary, in so far as the ground taken was vacant, each location, if properly made in other respects, has been considered to be valid and sufficient." *Doe* v. *Tyler*, 73 Cal. 21.

The case which would seem most nearly to support the appellant is one decided by this court in 1882. In that case, the boundaries as marked upon the ground made the claim two thousand feet in length; and Mr. Chief Justice Wade, in delivering the opinion of the court, says: " Before there can be a valid location there must be a discovery. Taking the discovery as the initial point, the boundaries must be so definite and certain that they can be readily traced; and they must be within the limits authorized by law, otherwise their purpose and object would be defeated. The area bounded by a location must be within the limits of the grant. No one would be required to look outside of such limits for the boundaries of a location. Boundaries beyond the maximum extent of a location would not impart notice, and would be equivalent to no boundaries at all. A discovery entitles the person making the same to a mining claim embracing the discovery, not to exceed fifteen hundred in length by six hundred feet in width. Within these limits, if the boundaries are properly marked on the ground, and the location properly made and recorded, the grant of the government attaches, and third persons must take notice. But they would not be re-

quired to look for stakes or boundaries outside of or beyond the utmost limits of location as authorized by the statute." *Hauswirth* v. *Butcher*, 4 Mont. 307, 308. But in that case the stakes were set beyond the limits fixed by the statute. In this case they were set within the statutory limits, but on adjoining claims. The claim located is a small fraction,— three hundred feet long and six hundred feet wide, surrounded by other locations,— and it appears that "the location was marked on the ground, so that the boundaries can be readily traced." This is all that is required. There is no error apparent from the record, and the judgment is affirmed.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.