(March 11, 1889.)

## STEMWINDER MINING COMPANY v. EMMA AND LAST CHANCE CONSOLIDATED MINING COMPANY ET AL.

### [21 Pac. 1040.]

MINING CLAIMS—DISPUTED AREA—EVIDENCE.—A certain area of mining ground was in dispute between the Stemwinder mining claim and the Emma claim. Each claimed to have made the first valid location to said area. The evidence was conflicting and presented a question of fact for the jury. Plaintiff excepted to certain evidence offered by defendant, in that it seeks to establish the location of a mining claim by parol. The court excluded the evidence. *Held*, the evidence should have been admitted, as it was not improper, and did not tend to prejudice the rights of plaintiff.

MEASUREMENTS OF MINING CLAIMS—VOID AS TO EXCESS.—If it is found, upon a survey of a mining claim, that the measurements of the locator are in excess of the area allowed by law, the claim is only void as to the excess.

APPEAL from District Court, Shoshone County.

Frank Ganahl and Albert Hagan, for Appellant.

A location of a claim upon mineral lands of the United States carries with it a grant from the government to the person making the same, and confers upon such person the right to the exclusive possession and enjoyment of all the surface ground within the lines of such location. (*Belk v. Meagher,* 104 U. S. 284.)    No estate or interest in real property

or in any manner relating thereto or concerning it can be created, granted, assigned or surrendered unless by an operation of law, or a conveyance or other instrument in writing, subscribed by the party. (*Melton v. Lambard,* 51 Cal. 259; Rev. Stats., secs. 2920, 6007; *Jackson v. Shearman,* 6 Johns. 19; *Jackson v. Vosburgh,* 7 Johns. 186; *Garthe v. Hart,* 73 Cal. 541, 15 Pac. 93.) It is not necessary to plead the statute of frauds to take advantage of evidence of this class when offered. (*May v. Sloan,* 101 U. S. 231; *Dunphy v. Ryan,* 116 U. S. 491, 6 Sup. Ct. Rep. 486; *Dung v. Parker,* 52 N. Y. 494; *Purcell v. Miner,* 4 Wall. 573.) So the amended location of the Stemwinder having been made before the Emma location had ever been properly staked or amended, the plaintiff has the only valid location on the vein. (*Belk v. Meagher,* 104 U. S. 284; *Mining Co. v. Deferrari,* 62 Cal. 160; *Lakin v. Mining Co.,* 25 Fed. 337; *Russell v. Brosseau,* 65 Cal. 605, 4 Pac. 643.) A notice of location of itself is only a proof of the performance of one step in the location of a mine, the last step in perfecting the location; and even when the certificate, for any of the reasons set forth in the statute, is deemed void, it is admissible, in connection with an amended location correcting the defects of the original. (*Van Zandt v. Mining Co.,* 2 McCrary, 159, 8 Fed. 725; *Strepey v. Stark,* 7 Colo. 614, 5 Pac. 111; *McGinnis v. Egbert,* 8 Colo. 41, 5 Pac. 652.) A claim located within the boundaries of another existing location is void. (*Mining Co. v. Smith,* 2 Dak. 399, 11 N. W. 98.) The location of a mining claim is absolutely void if the discovery be made on a claim already located; and continues void, and is not cured or made effectual by a subsequent discovery on the claim located. (*Upton v. Larkin,* 5 Mont. 600, 6 Pac. 66.) A location of a mining claim cannot be made by a discovery shaft upon any claim which has been previously located, and which is a valid location. (*Little Pittsburgh Consol. Min. Co. v. Aimie Min. Co.,* 17 Fed. 57.) No rights can be acquired under the statute of location before the discovery of a vein or lode within the limits of the vein located. (*Jupiter Min. Co. v. Bodie Consol. Min. Co.,* 11 Fed. 666.) No valid location of a mining claim can be made until a vein or deposit of gold, silver, etc., has been discovered. (*Mining Co. v. Cor-*

*coran,* 15 Nev. 147.)   No location of a mining claim shall be made until the discovery of a vein or lode within the limits of the claim.   Discovery of one, after location, in a different part of the claim, will not avail.   (*Van Zandt v. Mining Co.,* 2 McCrary, 159, 8 Fed. 725.)   The statute contemplates that the location of a vein shall be along the course of the lode or vein.   (*Argentine Min. Co. v. Terrible Min. Co.,* 122 U. S. 485, 7 Sup. Ct. Rep. 1356.)   Side lines are side lines only when they are parallel with the course of the vein.   When they cross the vein they become end lines.   (*Mining Co. v. Tarbet,* 98 U. S. 463; *Argentine Min. Co. v. Terrible Min. Co.,* 122 U. S. 478, 7 Sup. Ct. Rep. 1356; *Iron Silver Mining Co. v. Elgin Mining etc. Co.,* 118 U. S. 196, 6 Sup. Ct. Rep. 1177.)

Woods & Heyburn, for Respondents.

A locator, having selected his point or location, could not claim the surface of the ground to exceed three hundred feet on either side of it for the width of his claim, nor to exceed fifteen hundred feet along the course of the vein measured from the point of discovery; and if, in marking his claim upon the ground, he inadvertently or from any cause included more ground than three hundred feet on each side of his discovery, his claim would be void as to the excess.   (*Mining Co. v. Rose,* 114 U. S. 576, 5 Sup. Ct. Rep. 1055.)   A thing which is void from the beginning cannot be so amended as to give it validity.   (*Belk v. Meagher,* 104 U. S. 284; *Argentine Min. Co. v. Terrible Min. Co.,* 122 U. S. 478, 7 Sup. Ct. Rep. 1356.)   Locations in excess of the length or width allowed by law are void only as to the excess.   (*Mining Co. v. Tarbet,* 98 U. S. 463.)   Recording notice of a mining claim is directory, and not imperative.   (*Jupiter Min. Co. v. Bodie Consol. Min. Co.,* 11 Fed. 666.)

WEIR, C. J.—This is an appeal from a judgment in favor of the defendants and against the plaintiff, entered upon the verdict of a jury, and also from an order denying a motion for a new trial.   The cause of action arose in the county of Shoshone, in the first district.   The complaint substantially alleges that the plaintiff is a corporation duly organized and

existing under the laws of the state of Oregon, and that one of defendants is likewise a corporation organized and existing under and by virtue of the laws of the same state; that since the eleventh day of March, 1887, plaintiff has been, and is now, the owner of the premises in dispute, subject only to the paramount title of the United States, and is entitled to the possession of a certain mine and mining claim, called "Stemwinder Mining Claim," and then proceeds to set out the description of the claims of the plaintiff and of the defendants, and that the grantors of the defendants, on the sixth day of March, 1887, filed with the register of the land office an application for a patent, and in such application wrongfully, and without right, set up title to certain premises which the plaintiff claims is the property of itself, and that the suit is brought for the purpose of ascertaining the ownership of the said alleged tract of land in dispute; and then prays judgment against the defendants: (1) That the plaintiff is the owner of, and lawfully in and entitled to the possession of, the premises described— the area in conflict between the Stemwinder mining claim and the alleged Emma mining claim—and the lode therein, and quieting and confirming plaintiff's title thereto and the possession thereof; and that the defendants have no title to or right of possession of said conflicting area, or the lode therein, or any part thereof. The defendants demurred to the complaint in the action, which demurrer was overruled by the court, and the defendants were given five days in which to prepare and serve an answer. The answer, though very long, contains substantially general denial, and sets up title or claim to the premises in dispute by reason of a location thereof by certain parties, and the transfer thereof to the defendants, and that such-location was prior to the location made by plaintiff's grantors; and further claims that the location under which the plaintiff claims was never, at any time, located, staked, marked, and defined in accordance with the requirements of law, if at all, until long subsequent to the aforesaid location of the Emma mining claim by the locators thereof; and that the plaintiff is not, nor has it ever been, in possession of the area so in conflict, as aforesaid. Upon these issues the case came to trial.

The plaintiff offered such evidence as it saw fit as to the location of its claim, and the defendants did the same. Strictly, there was but one issue in the case, and that was, Which of the parties made the first valid location of the area in dispute? The evidence on that point was conflicting, and presented a question of fact for the jury. Upon this question the jury rendered a verdict in favor of the defendants, and against the plaintiff, whereupon the plaintiff made a motion for a new trial upon the proper papers, which motion was denied.

The questions presented for our consideration are alleged errors made by the court in the admission of certain testimony; and as to the charge made by the court to the jury; and its refusal to charge certain requests made by the plaintiff. The only exception taken to the admission of alleged improper evidence by the court was in regard to a compromise monument erected along the alleged line between the claim of the plaintiff and defendants. The defendants offered evidence to show that the compromise point was erected by agreement, not for the purpose of establishing a location, but for the purpose of showing where the location was, as it was then understood by all parties. This evidence the court, upon objection by the plaintiff, excluded, but it appears that a map used for other purposes on the trial contained upon its face the compromise monument, and that it was frequently referred to as the compromise monument, and, as so referred to, the question was really before the jury. It appears that the court permitted evidence by the engineer who surveyed the defendants' claim in December, 1886, in regard to having this compromise monument pointed out to him, by the parties then claiming the ground, as the compromise monument agreed upon by such parties themselves.

We are by no means prepared to say that the evidence, as offered by defendant, was not admissible. Such evidence was not within the rule laid down by the authorities cited by the plaintiff, and did not seek, in any manner, to establish the location of a mining claim by parol; but, on the contrary, really sought to show that the claims, as located, were in some dispute, and the parties ran the lines by agreement so as not to interfere with each other, and placed this monument only for

the purpose of showing that they had done so. But, even though this was error, the testimony admitted by the court was clearly right and proper. The engineer, in making the survey, referred to this compromise monument only to show how, and in what manner, he had made the survey. We see nothing in the admission of this testimony which was improper, or which in any manner tended to prejudice the rights of the plaintiff.

We shall not notice the many exceptions taken by the plaintiff in regard to the charge of the court, and the refusal of the court to make certain charges at the request of the plaintiff. Most of them are utterly without merit, for the reason that the court had already fully charged upon propositions requested, and also for the reason that many of the requests practically called for a decision upon the same propositions of law rejected by the court, couched in different language. The charge of the court as delivered was very full and complete, and really presented to the jury every question necessary for their consideration; and the many requests made by the plaintiff were but a repetition of the charge already delivered.

We shall notice, however, three of the plaintiff's exceptions: 1. Those which relate to the defendants' location being in excess of the quantity of land allowed by law; 2. The right of a corporation to locate a mining claim; and 3. The question raised by the plaintiff as to what distance the plaintiff was entitled to from the middle of the vein or point of discovery.

It is perfectly clear in our mind that the location of the defendant was not wholly void for the reason that the defendants' grantors did, in marking the boundaries of the location, place their stakes more than fifteen hundred feet in length and six hundred feet in width. Under the evidence in this case no fraud is alleged or claimed. No rights of third parties were infringed upon, and the evidence is conclusive that the location was made by measurements by the eye and by stepping off the distances; and it also appears that in December, 1886, the alleged location was surveyed, and the lines were drawn in such manner that the amount of the claim was not in excess of the amount allowed by law. This occurred prior to the plaintiff's making its amended location; and, under the

facts of this case, there can be no question that the location
or claim of the defendant was void only as to the excess. The
authorities would seem to be conclusive upon that point: *At-
kins v. Hendree*, 1 Idaho, 95; *Mining Co. v. Tarbet*, 98 U. S.
464; *Mining Co. v. Rose*, 114 U. S. 576, 5 Sup. Ct. Rep. 1055.

It appears conclusively from the location notice placed upon
the ground by the defendants' grantors at the time of location
that they only claimed fifteen hundred feet along the lode or
vein and three hundred feet on each side, and no more. There
is nothing in the contention that the decision of the court in
the last case does not apply in principle to the present case. It
is true that that case was decided under the act of 1866, and
the present case arises under the act of 1872; yet the principle
is the same. In that case the court says: "We hardly think
it needs discussion to decide that the inclusion of a larger num-
ber of linear feet than two hundred renders a location, other-
wise valid, totally void. This may occur, and often must
occur, by accident of the surveyor, or other innocent mistake,
where there exists no intention to claim more than the two
hundred feet. Must the whole claim be made void by this
mistake, which may injure no one, and was without design to
violate the law? We can see no reason in justice or in the
nature of the transaction why the excess may not be rejected,
and the claim be held good for the remainder, unless it inter-
feres with the rights previously acquired." We do not, there-
fore, think it necessary to further consider this point, except
to say that we find no error in the refusal of the court to
charge on the subject as was requested by the plaintiff. More-
over, there was no merit in the plaintiff's requests. The loca-
tion of the plaintiff, as proven, showed the same state of facts
in relation to itself as did the defendants'; and the court would
not have been justified, under the evidence, in charging the jury
that the defendants' location only would be void.

The defendants requested the court to charge the jury that
the plaintiff was a corporation organized under the laws of the
state of Oregon, and that no such corporation is entitled to the
privilege of making a mineral location of lands belonging to
the United States. This the court charged. Without deciding
whether this was error or not, we can safely say that it is not

such an error in this case as would justify the court in revers-
ing the judgment. There was no evidence that the corpora-
tion made the location. On the contrary, the evidence was
conclusive that the corporation did not make the location, and
the charge, even though error, could not in any way have in-
jured the plaintiff. Besides this, the defendants' claim was
in precisely the same condition, and the evidence was conclu-
sive that the defendants did not make the location, but stood
in the same position as the plaintiff did; namely, they had
purchased their claim from citizens, who had made locations.
The charge of the court being perfectly clear as to the real facts
of the case, and the case being properly submitted to the jury,
to charge as the court did, under all the circumstances, was not
error, as such charge could not, in any manner, have injured
anyone. We therefore conclude that as to this point there
was no error to justify us in reversing the judgment.

As to the third and last point which the plaintiff raises,
we think there is nothing whatever in it, and that the charge,
as delivered by the court, was perfectly correct under the facts
in every respect. Under the circumstances the court would
have been perfectly justified in refusing to consider the re-
quests made by the plaintiff at that time; but, even as deliv-
ered and refused, we find no error. The court stated to the
jury that "at the time of the location, the measurement must
be from the point of discovery—the middle of the point of
discovery—unless there is evidence before you that the vein had
been actually established and run; but, if the evidence is sim-
ply that there was a point of discovery, then the only knowl-
edge you can have of the vein is that part which crops out at
the point of discovery, and the parties must be entitled to three
hundred feet on each side of the middle of the vein at the
point of discovery, as they had so located this claim. It must
not exceed three hundred feet—that is, they are entitled to
three hundred on each side of the vein." This we think
was proper, and was the only charge that could have been given
to the jury under the state of the evidence.

The plaintiff seems to lay great stress on the fact that the
court refused to charge the twenty-second proposition requested
by it. In answer to this claim it is only necessary to say that,

from the examination of the record, it will be found that the court charged the proposition, except as to two or three lines, which should not have been charged. At the conclusion of the charge the court verbally charged the jury as follows: "That there is really but one question in this case, and that is. Who first made a valid location on this ground? That is really the whole question. Now, to determine that point, you must go into all the evidence you have heard. Reconcile it, if you can, and ascertain, if you can, who, in your judgment, made a valid location upon that ground. If you find that the plaintiff made the first valid location, the plaintiff is prior in point of time, and, whatever may be the facts in this case, the plaintiff is entitled to a verdict at your hands. If you find, however, that the defendant made the first valid location of the ground in dispute, then the defendant is entitled to a verdict at your hands. I state this to you so as to simplify the case and bring it down to the direct point in issue." Under the pleadings and the evidence this charge was perfectly proper, and the jury could not have been mistaken as to what was the real issue in the case. The evidence was conflicting, but fully justified the verdict of the jury.

The contention of the plaintiff that because the location notice, as recorded by the defendants, described the defendants' claim as adjoining the Stemwinder, the defendants are estopped from claiming that their location is prior in point of time to plaintiff's, under the evidence and the explanation which was given of that statement, is utterly without merit. We think that there is no error in the record which would justify this court in reversing the judgment. The judgment is therefore affirmed with costs.