## H. C. HANSEN AND OTHERS, APPELLANTS, *v.* MARK FLETCHER AND OTHERS, RESPONDENTS.

1. MINING CLAIMS.—NOTICE OF LOCATION.—PERMANENT MONUMENT. Trees blazed and squared and marked as stakes, rock monuments and the prospect hole are permanent objects within the meaning of the Rev. St. U. S. § 2324, requiring that the mining location must be distinctly marked on the ground, so that its boundaries can be readily traced, and that all the records of mining claims made shall contain such a description of the claim located, by reference to some natural object or permanent monument as will identify it.

2. ID.—ID.—CALLS.—IMMATERIAL VARIANCE.—The fact that the calls in a notice of a mining location called for stakes, whereas in fact, instead of stakes trees were blazed, squared up and marked, is such a variance as has no tendency to mislead and is immaterial.

3. ID.—ID.—EXCESSIVE CLAIM.—INNOCENT MISTAKE.—Rev. St. U. S. § 2320, provides that a mining claim may be located 1,500 feet by 600 feet. Respondents, through an innocent mistake, included within their claim 400 feet upon the easterly sideline, and 200 feet upon the westerly sideline, 40 feet upon the northerly endline and 50 feet upon the southerly endline in excess of the amount allowed by law. *Held,* that the location is valid to the extent of the amount allowed by law, since it appears that the excess was attributable to innocent mistake caused honestly through an inaccurate method of measurement, and without any intention to include a greater amount

than that allowed by law, and where the notice posted on the claim stated that only 1,500 by 600 feet was claimed and gave the point of beginning and the direction of the boundary lines.

(No. 476.   Decided June 25, 1894.   37 P. R. 480.)

APPEAL from the District Court of the Fourth Judicial District, Hon. James A. Miner, *Judge.*

Action by H. C. Hansen and others against Mark Fletcher and others, to recover the possession and quiet the title of a mining claim, and for an injunction for trespassing upon the same. From 'a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Messrs. Lessenger & Beckwith* and *Messrs. Smith & Smith,* for appellants.

*Messrs. Evans & Rogers,* for respondents.

MERRITT, C. J.:

This appeal comes to this court upon the judgment roll. It appears from the findings of fact that on the 27th day of October, 1891, the respondents made a mining location known as the "Blue Rock." The location was made by erecting a rock monument at a point upon the ground known as the "prospect hole" or "discovery shaft," by placing in the monument a notice of location, which said notice of location is as follows:

"Notice of Location. Notice is hereby given that the undersigned, having complied with the requirements of section 2324 of the Revised Statutes of the United States, and the local laws, customs, and regulations of this dis_ trict, have located fifteen hundred feet in length by six hundred feet in width on this, the Blue Rock mine, lode, vein, or deposit, bearing gold, silver, and other precious metals, situated on the north side of the Bear Lake Road

mining district, Cache county, Utah territory, the location being marked and described on the ground as follows, to-wit: Beginning from prospect hole and monument, where this notice is posted, (300) three hundred feet, in an easterly direction, to a rock monument; thence six hundred feet, in a southerly direction, to a stake; thence six hundred feet, westerly direction, to a stake and monument; thence fifteen hundred (1,500) feet, in a northerly direction, to a stake and monument; thence six hundred feet, in an easterly direction, to a rock monument; nine hundred feet, southerly direction, to place of beginning. This claim is on the north side of the Bear Lake road, about one mile north of the Republican mine, near Beaver creek, Logan canon, Cache county, Utah. The mining claim, above described shall be known as the 'Blue Rock Mine.' Located on this 27th day of October, 1891. Names of locators: Mark Fletcher. J. P. Coburn. Frank Crookston. W. H. Maughn."

The location was made by erecting a stone monument about 3½ feet high and 2½ feet in diameter at the base at the prospect hole described in the notice of location, in which said notice of location above given was posted, and by erecting another stone monument, of about the same dimensions, about 340 feet, in an easterly direction, from said prospect hole, and by blazing and squaring up a pine tree about one foot in diameter and about five feet high, about 900 feet southerly from last-named monument, upon which there was plainly written, "Southeast corner of Blue Rock mine," and by squaring up a pine tree six inches in diameter and about five feet high, about 300 feet westerly from said last-named stake, and by marking on the same, "Blue Rock, south center end stake," and by erecting a rock monument, and placing a stake therein about six feet high, about 350 feet still westerly from said center end stake, on which there was marked, "South-

west corner of Blue Rock mine," and by squaring up and blazing a mahogany tree about nine inches in diameter and five feet high, around which there was piled up, about three feet high, a rock monument about 1,700 feet northerly from said southwest corner, and by marking on said tree, plainly, "Northwest corner of Blue Rock mine," and by erecting a monument of rock about $3\frac{1}{2}$ feet high and about $3\frac{1}{2}$ feet through at the base about 300 feet easterly from said last-named corner, in which there was placed a paper marked, "North center end line of Blue Rock mine," and by squaring up and blazing a quaking asp tree about six inches in diameter, and about five feet high, about 290 feet from said north end center monument, and plainly marking thereon, "Northeast corner of Blue Rock mine, 50 feet east;" and by going 50 feet east therefrom a rock monument, about three feet high and two feet at its base, was situated at the northeast corner of said Blue Rock mine, and thence running about 1,000 feet southerly to said east side monument.

At the time of said location the respondents did not intend to include within the stakes and monuments so erected more ground than 1,500 feet long by 600 feet wide. But, by an innocent mistake in pacing off the exterior boundaries, the easterly side line of the claim was in fact 1,900 feet in length, and the westerly side line was in fact 1,700 feet long; the north end line was in fact 640 feet, while the south end line was in fact 650 feet. The above notice of location was filed in the office of the recorder of Cache county, there being no mining district in the locality where said claim was discovered. Subsequently, on the 20th day of June, 1892, appellants went upon the ground described in respondents' notice of location, and saw the location notice placed in the rock monument by respondents, and read the same. It also appears from the findings that the appellants saw the stakes and monuments which

marked the location of respondents; but disregarding the same, because they believed the location of respondents was void, owing to the fact that respondents had included within their stakes and monuments more than 1,500 feet in length by 600 feet in width (being a greater amount of ground than that allowed by act of congress), appellants located a mining claim known as the "Amazon," running at right angles across the Blue Rock location, taking in, within the lines located by respondents, all the mineral which had been discovered, together with the prospect hole or discovery shaft, and monument containing the respondents' notice of location. None of the excess so located was claimed or located by appellants. It also appears from the findings that the stakes and monuments of respondents were plainly visible on the ground; that respondents honestly and in good faith, at the time of their location, believed that they were within the limit; and that they did not intend to locate more than the proper area, but through innocent inadvertence and honest mistake, as above stated, respondents did in fact locate ground in excess of the limit of the grant. Upon these findings the court concluded, as matter of law, that the location of respondents was valid, and gave judgment in their favor for the possession of the ground described in respondents' notice of location.

Counsel for appellants contend that the notice of location of the Blue Rock is insufficient, for the reason that it does not contain a sufficient description by reference to some natural object or some permanent monument for the identification of the claim, and that the location of the Blue Rock is void because respondents included an excess of ground within the stakes which marked the boundaries of their claim. Section 2324 of the Revised Statutes of the United States provides, in substance, that the location must be distinctly marked upon the ground, so that its

boundaries can be readily traced, and that all records of mining claims made shall contain such a description of the claim located, by reference to some natural object or permanent monument, as will identify it. It will be seen by this section that two things are requisite to the valid location and record of a mining claim: First, distinctly marking the location upon the ground, so that its boundaries can be readily traced; and, second, the record of the claim must contain a description of the claim by reference to some natural object or permanent monument. It was found by the court that the Blue Rock location was distinctly marked upon the ground, so that its boundaries could be readily traced. The notice of location recorded makes reference to the prospect hole, rock monuments, and stakes. Such objects are, within the meaning of the law, permanent monuments, and are sufficient to satisfy the requirements of the statute. *Hammer* v. *Milling Co.*, 130 U. S. 291, 9 Sup. Ct. 548. The idea and purpose of the act of congress, in requiring the records of mining claims to make reference to some natural object or permanent monument, are to prevent the swinging or shifting of the claim of the locator from one point to another; in other words, to fix the location with certainty, so that subsequent locators may determine what ground is included within the location so made. It will be seen that the record of the notice of location in this case describes the ground by metes and bounds with sufficient certainty to identify the claim.

But appellants also contend that the calls in the notice, in some instances, call for stakes, whereas in fact, instead of stakes, trees were blazed, squared up, and marked. Such a variance is immaterial, because it had no tendency to mislead appellants.

The second contention of appellants—that the location is void for the reason that an excess of ground is included

within the stakes and monuments of respondents—is also untenable. It will be observed that respondents, through an innocent mistake, included within their claim 400 feet upon the easterly side line, and 200 feet upon the westerly side line, 40 feet upon the northern end line, and 50 feet upon the southerly end line, in excess of the amount allowed. This discrepancy was attributable, however, to an innocent mistake, caused honestly, through an inaccurate method of measurement, and without any intention to include a greater amount than the limits of the grant. This question was directly before the supreme court of the United States in the case of *Mining Co.* v. *Rose*, 114 U. S. 576, 5 Sup. Ct. 1055. In that case Mr. Justice Miller, speaking for the court, makes use of the following appropriate language: "We hardly think it needs discussion that the inclusion of a larger number of lineal feet than 200 renders the location, otherwise valid, totally void. This may occur, and often must occur, by accident of the surveyor, or other innocent mistake, when there exists no intention to claim more than 200 feet. Must the whole claim be made void by this mistake, which may injure no one, and was without design to violate the law ? We can see no reason, in justice or in the nature of the transaction, why the excess may not be rejected, and the claim held good for the remainder, unless it interferes with rights previously acquired."

In the case under discussion no previous rights had been acquired at the time respondents made their location of the Blue Rock claim; neither does any of the excess fall within the limits of the Amazon claim, which was made by appellants. It is true that in the case just cited the court had under consideration the act of 1866, which permitted the location of 200 feet in length for each locator, to the limit of 1,200, except in the case of the discoverer, who was entitled to 200 feet additional as a

reward for his discovery. In reason and principle, however, as well as upon authority, that decision should be made applicable to the act of 1872, under which the respondents made their location. *Stem-Winder Min. Co.,* v. *Emma & Last Chance Consol. Min. Co.* (Idaho), 21 Pac. 1040; *Burke* v. *McDonald* (Idaho), 33 Pac. 49; *Atkins* v. *Hendrie,* 1 Idaho, 95; *Thompson* v. *Spray,* 72 Cal. 528, 14 Pac. 182; *Doe* v. *Tyler,* 73 Cal. 21, 14 Pac. 375; *Eilers* v. *Boatman,* 3 Utah, 159, 2 Pac. 66. We do not mean to be understood that any length, however great, in excess of the limit of the grant, can be located without rendering the claim void for want of certainty. A mining claim may include so great an excess of ground as to render it absolutely void, depending upon the surroundings and particular circumstances of each case. But what we do mean to say is that, under the particular circumstances of this case, the excess within the boundaries of the Blue Rock does not render the same void. The object of the law requiring the claim to be distinctly marked on the ground, so that its boundaries can be readily traced, was in this case accomplished. Appellants saw the stakes and monuments which bounded respondents' location. They read the location notice. They knew that respondents only claimed 1,500 feet in length by 600 feet in width. It does not, therefore, lie in the mouths of appellants to say they were misled by the innocent mistake of respondents. The judgment of the court below is affirmed, with costs.

BARTCH and SMITH, JJ., concur.