### BABCOCK et al. v. O'LANAGAN et al.

Third Division. Anchorage. May 8, 1924.

No. A–374.

**1. Mines and Minerals ⬥═▷23(4)—Affidavit of Annual Labor.**

    An affidavit of annual labor on mining claims in Alaska failed to state "at whose instance the work was done," but it does state that affiant paid for the work. *Held,* the reasonable inference from that statement is that the work was done at the instance of affiant; that is sufficient to comply with the statute.

**2. Evidence ⬥═▷425—Parol Evidence of Option.**

    An affidavit of annual labor on a mining claim in Alaska stated that the affiant paid for the assessment work. Oral testimony was offered over objection of the defense that the affiant held an option to purchase the property. The option was not produced, nor was it of record in the recorder's office. *Held,* the main question on this point is: Was the work done at the instance of the affiant, the optionee? If, in fact, it was, that may be shown by any competent evidence.

**3. Evidence ⬥═▷425—Parol Evidence to Prove Collateral Document.**

    The rule that parol evidence is inadmissible to prove the contents of a written document until good reason is shown for nonproduction of the writing is inapplicable, where the document is collateral to the issue in the trial.

⬥═▷See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Mines and Minerals ☞14(1)—Statutes—Conflict between United States and Territorial Mining Statutes.**

The requirements of the territorial mining law in Alaska are rather drastic, and must be held to be directory, when the federal statute only requires that the boundaries of a mining claim be distinctly marked upon the ground, so that a subsequent locator or prospector can easily find them.

**5. Mines and Minerals ☞17(1)—Discovery of Mineral.**

Where the prospector found mineralized rock at the places of location, and pulverized specimens of the rock, and panned it, and found gold colors in each instance, and in addition is the fact that the claims had all been known and more or less worked for years, *held* a sufficient discovery; also *held*, that a subsequent locator can adopt the discoveries of a prior locator.

**6. Mines and Minerals ☞20(1)—Acts Constituting a Valid Location.**

All that is necessary for a prospector to do in locating a quartz or lode claim is to make a discovery and mark the boundaries of his claim, so that they can be found without serious difficulty, and make the necessary record.

**7. Mines and Minerals ☞23(4)—Proof of Annual Labor.**

Proof of annual labor on mining claims in Alaska should be held to no stricter requirement than a location notice. The question should be: Does it set forth the main facts required by law intelligibly enough to show to a court what the miner really did? *Held*, the affidavit in this case is sufficient.

W. H. Rager, of Anchorage, for plaintiffs.
John F. Coffey, of Kodiak, for defendants.

RITCHIE, District Judge. Plaintiffs brought this suit against defendants to quiet title to certain mining claims in the Willow Creek district. Plaintiffs have nine claims and defendants three, and defendants' claims conflict with three of plaintiffs' claims, covering most of the same ground. The real issue is that of annual labor done or not done in the year 1920 upon the Oregon group of claims, which preceded the locations of the parties to this action. The Oregon group was located about 1911, and annual labor was done on the group up to and including the year 1917. In 1918 and 1919 the owners filed the declaration authorized by the Act of Congress of October 5, 1917, to hold the claims in lieu of assessment work. In 1920 an affidavit was made by one George Anderson that he had done $1,000 worth of work on the ten claims comprising the Oregon group.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The sufficiency of this affidavit to make a prima facie case in behalf of plaintiffs appears to me to be the only issue in the case. The federal law of 1907 provides, as does the territorial act of 1915, that an affidavit of annual labor constitutes prima facie proof thereof, shifting the burden to the party attacking it. If the Anderson affidavit is sufficient under the law, plaintiffs made a prima facie case, which is not seriously weakened by any evidence offered by the defense.

In 1921 one Spier relocated three of the Oregon group claims, apparently upon the assumption that the assessment work for the year 1920 had not been done and the ground was open to relocation. The plaintiffs located nine claims, known as the Contact group, on July 1, 1922, upon the assumption that the assessment work on the Oregon group was done in 1920, and therefore the ground was not open to relocation until the date they entered and made their locations. Clearly, if the work was done on the Oregon group in 1920, the ground was not open to relocation until after June 30, 1922, and the Spier locations in 1921 were void, and the ground became open to relocation on July 1, 1922. If, on the other hand, the Anderson affidavit is insufficient to show that the assessment work was done on the Oregon group in 1920, plaintiffs' case must fail, because they offer no evidence of actual work, relying wholly on the prima facie proof of Anderson's affidavit. As to the Anderson affidavit, I have been unable to find any decision from any of the mining states upon the precise point involved. An Idaho case was upon similar facts.

Accordingly the case at bar is one of first impression in this jurisdiction. The most serious objection to Anderson's affidavit is that it totally fails to show that he had any connection with or interest in the Oregon group, or represented any of the owners. If it did so show, I think it would be sufficient, notwithstanding it fails to contain one statement required by law of an affidavit of annual labor. It does not state "at whose instance the work was done." It contains every other statement required. The affidavit concludes, however, by stating that affiant paid for the work. It seems to me that a reasonable inference from that statement is that the work was done at his instance, since it is inconceivable that any sane person would pay for assessment work on mining claims in which he had no interest.

Oral testimony was admitted over objection of the defense

that in 1920 Anderson held an option to purchase the property. The option was not produced, nor was it of record in the recorder's office. The court reserved at the time the question as to the admissibility of this parol testimony. If it was admissible, it proved the interest of Anderson in the property, and, taken in connection with his affidavit that the work was done and that he paid for it, I think it makes a prima facie case of compliance with the statute. If so, judgment must be in favor of the plaintiffs. If not a sufficient compliance with the statute, as already stated, plaintiffs' case must fail, because, so far as the record shows, there is no evidence either that the work was done or was not done in 1920, and the court would be obliged to find that the ground covered by defendants' claims was open to location when Spier located in 1921.·

As to the admissibility of parol testimony of the fact that Anderson held an option on the property, and that it was in his possession and under his control in 1920, I have little doubt that such testimony was proper. The only similar case, as already stated, was in Idaho, that of Bismarck Mountain Gold Mining Co. v. North Sunbeam Gold Co., 14 Idaho, 516, 95 P. 14. In that case, among other issues, was the question whether or not the Bismarck Company had performed the annual assessment work in the year 1904. The opinion says:

"It is also contended that the evidence does not show that the assessment work was done for the years 1904 and 1905. Affidavits of labor were filed in the proper office and introduced in evidence, showing that the annual assessment work on each of said claims was done in said years. The affidavit for the assessment work done in 1904 was made by one Cross, and he, in effect, swears that $200 worth of work was done on said Jesse James and Little Giant claims, at the expense of the Bismarck Mining Company. The affidavit of proof of labor for 1905 was made by one Casto, and he therein swears that $100 worth of work was done upon each of said claims in the year 1905, at the expense of H. E. Foster, 'owner of said claims.' There was a mistake in said notice as to the name of the owner of said claims. It appears from the record that H. E. Forester was president of the Bismarck Company, and it appears that a mistake was made in said proof of labor in stating that said work was done at the expense of 'H. E. Foster,' instead of 'Forester.' Forester evidently paid for the assessment work, for the year 1905, for the appellant company; he being its president. The main question on this point· is: Was the · work done at the expense of the appellant? If, in fact, it was, that may be shown by any competent evidence."

The Bismarck Case appears to me to be well reasoned, and I think the court was entirely logical in saying:

"The main question on this point is: Was the work done at the expense of the appellant? If, in fact, it was, that may be shown by any competent evidence."

The statute of frauds, which requires a suit involving a contract affecting real estate to be based upon some memorandum in writing, has no application to this case, so far as I can see. Neither party is seeking to recover anything from the other upon a contract, and neither the language nor the purport of the statute of frauds seems to me to have any application. Parol testimony is admissible under certain circumstances to prove title to, or the right to, or the right of possession of, land, or the fact of possession. This seems to me to be one of those cases. Wigmore, § 2515, and cases there cited. The rule that parol testimony is inadmissible to prove the contents of a written document until good reason is shown for nonproduction of the writing is inapplicable, where the document is collateral to the issue in the trial. 22 C. J. §§ 1252 and 1300, and cases cited under each. In this case the terms of the alleged option to purchase from the owners of the Oregon group to Anderson are not in issue, and are of no importance. The only question is whether Anderson held such an option, and was in possessioin under it. The authorities mentioned amply support the admissibility of parol testimony to prove such option and possession.

Defendants offered no testimony, except their own locations and some evidence that the monuments erected by plaintiffs on their claims were not of the size required by law. The territorial statute of 1915 fixes the size of posts or monuments on placer claims, but not on quartz claims, except that they must be substantial and at least three inches in diameter. The further point was made that certain of the claims should have had side line monuments, because of the topography of the ground. Some of the plaintiffs admitted on the witness stand that the monuments were not all of them up to the statutory requirement. It was conceded in the case that the ground was all above timber line, and that rock monuments were necessary, unless timber had been brought a long distance up hill.

I cannot find from the evidence that the monuments fell so far short of the statutory requirements as to require a holding

that they were insufficient. The requirements of territorial law are rather drastic, and I think must be held to be directory, when the federal statute only requires that the boundaries of a mining claim be distinctly marked upon the ground, so that a subsequent locator or prospector can easily find them. I do not think any person coming on the ground after the locations would have had any serious difficulty in finding the corners of all the claims, and therefore I must hold that the monuments were sufficient compliances with law.

On cross-examination, counsel for defendants sought to throw doubt upon the fact of discoveries on some of the mining claims prior to location. The plaintiffs testified that they found mineralized rock at the places of location, and that they pulverized specimens of the rock, and panned it, and found gold colors in each instance. In addition is the fact that the claims had all been known and more or less worked for many years. It is undisputed that a subsequent locator can adopt the discoveries of a prior locator. I am obliged to hold that the locations of plaintiffs were good, so far as discoveries and marking the boundaries are involved.

From the beginning of mining law in the Western states, the courts have uniformly held that substantial compliance with law is all that is required of prospectors. They are rarely educated men, and still less frequently are they lawyers or surveyors. To hold a class of men who are often illiterate to strict compliance with the law would be to take away hard-earned rights in many cases. The Supreme Court and all of the federal and state courts have passed on the question so often that it may be said that all that is necessary for a prospector to do is to make a discovery and mark the boundaries of his claim, so that they can be found without serious difficulty. I think the same rule is justly applicable to the proof of annual labor, though perhaps in a lesser degree.

Counsel for·defendants argued plausibly that the affidavit of annual labor is usually drawn up by a lawyer, and therefore should be held to stricter accountability than a location notice. The statute, however, does not require that the affidavit be drawn by a lawyer, and there are some mining districts where no lawyer can be found. In that case a prospector would have to draw up his own affidavit. I think it should be held to no stricter requirement than a location notice. The question should be: Does it

set forth the main facts required by law intelligibly enough to show to a court what the man really did? The affidavit of Anderson in this case is more than sufficient for that purpose.

I am forced to the conclusion that the Anderson affidavit was a sufficient compliance with law; that it makes a prima facie case for the plaintiffs, which the defendants offered no proof to impair. Judgment, therefore, must be in favor of the plaintiffs.